## Charles Brachas, Defendant in Error, v. Sabath & Weisskopf Company, Plaintiff in Error.

### Gen. No. 21,723.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

### Statement of the Case.

Action by Charles Brachas, plaintiff, against Sabath & Weisskopf Company, defendant, for $529. From a judgment in favor of plaintiff, defendant brings error.

Plaintiff alleged that he had deposited $500 with defendant as security that Anton Lechowicz would turn over to defendant all collections made by him while employed by defendant; that when it was done, the deposit was to be returned to plaintiff with five per cent. interest; that subsequently Lechowicz left the employ of defendant, having turned over to it all moneys collected by him.

Defendant in its affidavit of defense said that Lechowicz, employed as salesman and collector, made collections aggregating $190.75 which he failed to turn over to defendant, also that he was indebted to defendant for a balance on his merchandise and cash account, also for an item of expense incurred by defendant in verifying accounts among the trade, also for commissions advanced on sales where the accounts were not collected. The trial court struck from defendant's affidavit the last three items just described and entered judgment against defendant for the difference between the amount of plaintiff's claim, $529, and $190.75, the collections said not to have been turned in, which is $338.25. The court reserved jurisdiction of the balance of plaintiff's claim for future determination. The condition of the deposit of the $500 was

stated in the written agreement of the parties to be to secure defendant "against any loss from dishonesty, misconduct or neglect of business" of Lechowicz.

SABATH, STAFFORD & SABATH, for plaintiff in error.

BENJAMIN B. MORRIS, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. INDEMNITY, § 11*—*what is extent of liability on contract indemnifying against loss from dishonesty, misconduct or neglect of business by salesman.* The condition of a deposit of a specified sum, stated to be the securing of defendant "against any loss from dishonesty, misconduct or neglect of business" of defendant's salesman has reference to any indebtedness due defendant or loss sustained through dishonesty, neglect or misconduct of such salesman including loss due to failure to turn over collections, and does not include balance against such salesman on his merchandise and cash account, an item of expense incurred by defendant in verifying accounts among the trade or commissions on sales where accounts were not collected.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits sufficient.* In an action in the Municipal Court of Chicago to recover a deposit stated to be for the security of "defendant against any loss from dishonesty, misconduct or neglect of business" of defendant's salesman, an allegation in defendant's affidavit of merits of such salesman's failure to turn over collections, *held* sufficient as it placed in issue the allegation of plaintiff's statement of claim that such salesman, when he left defendant's employ, had turned over all moneys collected by him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.